ELIZABETH ROOT v. ORSON BRADLEY AND WINSLOW P. BURHANS.

*Tender of payment.*

A woman engaged in her ordinary avocations, is not bound to know at all times what is owing her upon a mortgage, and to be ready to determine forthwith, without opportunity for examination and computation, whether she will accept any particular sum offered her; she must have reasonable opportunity to satisfy herself what her rights are.

Appeal from Montcalm. Submitted June 20. Decided June 27.

FORECLOSURE bill. Defendant Burhans appeals. Affirmed.

*Morse, Wilson & Trowbridge* for complainant. A mortgagee is entitled to time to find out what is due on the mortgage before being compelled to accept a tender in full payment: *Engle v. Hall* 45 Mich. 58; *Chase v. Welsh* 45 Mich. 346; *Waldron v. Murphy* 40 Mich. 668, 672; *Parks v. Allen* 42 Mich. 482; *Tuthill v. Morris* 81 N. Y. 94, 98; he should be made "fairly and clearly to understand the transaction as a then present, absolute and unconditional tender of the amount due upon the mortgage, not dependent upon first executing a receipt or discharge:" *Potts v. Plaisted* 30 Mich. 151; *Roosevelt v. Bulls Head Bank* 45 Barb. 579; *Wood v. Hitchcock* 20 Wend. 48; *Storey v. Krewson* 55 Ind. 397.

*Mitchel, Bell & McGarry* for defendant Burhans

COOLEY, J. The two questions of importance in this case are whether a certain alleged payment of three hundred dollars was made, and whether a tender which is relied upon was sufficient to discharge the lien of the mortgage.

We agree with the circuit judge that the evidence does not make out the alleged payment.

What is relied upon as a tender consisted, according to the evidence on the part of the defence, in Burhans, the owner of the equity of redemption, going to the place of complainant, where she was engaged in the front yard, and holding out towards her over the fence a sum of money, which was offered in satisfaction of the mortgage. According to defendant's testimony complainant said more than that sum was due her, and that she would lose the whole rather than take what was offered. Complainant testifies on the other hand that while she was pulling weeds in her front yard defendant Burhans held out what he said was $300 to her and wanted a discharge; that she told him she thought considerably more was due to her, but wanted only what was just; that Burhans soon went away, and that she, after looking into the matter, went to him and told him she would rather lose the most of her claim than have a fuss, and tried to get an understanding with him, or an offer of what he would do, but he evaded any definite reply. This last statement was corroborated by Burhans.

We do not think a sufficient tender was shown. A woman engaged in her ordinary occupations is not bound at her peril to know at all times what is owing to her, and to be ready to determine forthwith, without opportunity for examination and computation, whether she will accept any particular sum that is tendered to her. She must have reasonable opportunity to satisfy herself what are her rights. *Waldron v. Murphy* 40 Mich. 668. Besides, it now turns out the sum offered was insufficient.

The decree must be affirmed with costs.

The other Justices concurred.